UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OSUNTOKA SMITH,

Plaintiff,

v. Case No. 25-cv-683-pp

CHRISTOPHER STEVENS, *et al.*,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 35) AND SETTING DEADLINE FOR PLAINTIFF TO IDENTIFY DOE DEFENDANTS**

---

Plaintiff Osuntoka Smith, who is incarcerated at Wisconsin Secure Program Facility and is representing himself, filed this lawsuit alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Christopher Stevens, Derek Henning, Lori Wachholz, Dr. Robert Jerome, John/Jane Doe Dentist 2023-2025 and John/Jane Doe Warden 2022 based on allegations that they acted with deliberate indifference to the plaintiff's serious dental needs. Dkt. No. 29 at 8. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 35. It also sets a deadline for the plaintiff to identify the Doe defendants.

In his motion to appoint counsel, the plaintiff states that he contacted several lawyers but has not been successful in finding a lawyer to represent him. Dkt. No. 35. He includes the names and contact information of four lawyers he contacted. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2)

their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first requirement that he make a reasonable attempt to find a lawyer on his own. But the plaintiff's motion does not include any information about why he believes he cannot represent himself. The plaintiff has filed a detailed complaint, dkt. no. 1, a detailed

amended complaint with exhibits and a declaration, dkt. nos. 18-20, and a motion for preliminary injunction and temporary restraining order supported by a brief, proposed findings of fact and a declaration, dkt. nos. 25-28. The plaintiff's filings show that he can participate in discovery with the defendants and respond to a motion for summary judgment if the defendants file one. Although the plaintiff no longer is confined at the prison where the events described in the amended complaint occurred (Green Bay Correctional Institution), he will be able to participate in discovery using the United States mail. If necessary, the plaintiff may ask the court for more time to complete discovery by filing a motion for extension of time before the deadline. The court will deny without prejudice the plaintiff's motion to appoint counsel.

In the screening order, the court said that once the named defendants had filed a responsive pleading to the amended complaint and the court issued a scheduling order, the plaintiff may use discovery to identify the Doe defendants. Dkt. No. 29 at 8. On July 20, 2026, the court received an answer from the four named defendants. Dkt. No. 33. On July 21, 2026, the court issued a scheduling order. Dkt. No. 34. This order does what the court said it would do in its screening order—it sets a deadline for the plaintiff to identify the Doe defendants. The plaintiff must use discovery to identify the proper names of the Doe defendants. The plaintiff may send the named defendants' lawyer written questions or requests for documents that he believes will help him identify the Doe defendants. The plaintiff must mail these discovery requests directly to the defendants' counsel; he should not file them with the

court. To the extent that the plaintiff's requests to defense counsel relate to the Doe defendants, defense counsel is not required to respond to any requests for information about anything other than the possible identities of the Doe defendants. Once the plaintiff has identified the Doe defendants, he must file a motion asking the court to substitute the names of those defendants for the Doe placeholders. If the plaintiff does not file such a motion by the deadline the court sets below—or request more time to do so—the court may dismiss the Does as defendants.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 35.

The court **ORDERS** the plaintiff may file a motion to amend the pleadings or add parties no later than **October 9, 2026**. This includes the identification of the parties previously identified as John/Jane Does. If the plaintiff does not identify the parties previously identified as John/Jane Does by the end of the day on October 9, 2026, or file a motion for additional time to do so, the court may dismiss the Doe defendants.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**